United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUY TRINH, | No. CR 10-00385 SI; No. CV 13-02539 SI |
| Petitioner, | **ORDER OF REFERRAL TO MAGISTRATE JUDGE FOR APPOINTMENT OF COUNSEL AND EVIDENTIARY HEARING** |
| v. | |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

Petitioner Huy Trinh, an inmate at the Federal Correctional Institution in Safford, Arizona, filed a *pro se* motion under 28 U.S.C. section 2255 to vacate, set aside, or correct his sentence,

Petitioner alleges that his counsel rendered ineffective assistance by failing to file an appeal. Petitioner alleges that he asked his lawyer to file an appeal, notwithstanding his waiver of his right to appeal in his plea agreement, and that counsel failed to do so. Docket No. 162 at 22. Defense counsel denies petitioner's allegations and states that "at no time prior, during, or after sentencing did petitioner instruct counsel to file an appeal." Docket No. 170, Ex. 4. Under Ninth Circuit law, an evidentiary hearing is necessary to determine whether petitioner made such a request. *See United States v. Sandoval-Lopez*, 409 F.3d 1193, 1198 (9th Cir. 2005). In *Sandoval-Lopez*, the Ninth Circuit held that it is ineffective assistance of counsel to refuse to file a notice of appeal when requested by defendant, even if doing so is contrary to a plea agreement and would likely have no merit. *Id.* The district court must either (1) hold an evidentiary hearing to determine whether petitioner's allegation is true, "and if

1  it is, vacate and reenter the judgment, allowing the appeal to proceed," or (2) if the government does not
2  object, "the district court can vacate and reenter the judgment without a hearing and allow the appeal
3  to proceed, assuming without deciding that the petitioner's claim is true." *Id.* Here, the government has
4  not agreed to allow the appeal to proceed, Docket No. 170 at 10, and thus, the Court finds it necessary
5  to have an evidentiary hearing.

6  The Court may refer the section 2255 motion "to a magistrate judge to conduct hearings and to
7  file proposed findings of fact and recommendations for disposition." *See* Rule 8(b) of the Rules
8  Governing Section 2255 Proceedings For The United States District Courts. When an evidentiary
9  hearing is held, the court "must appoint an attorney to represent a moving party who qualifies to have
10 counsel appointed under 18 U.S.C. § 3006A." *See* Rule 8(c) of the Rules Governing Section 2255
11 Proceedings For The United States District Courts. Petitioner qualifies for appointment of counsel. *See*
12 Docket No. 116.

13 Accordingly, the Court refers this matter to a magistrate judge for appointment of counsel, and
14 to conduct an evidentiary hearing to make "findings of fact and recommendations for disposition"
15 regarding petitioner's claim that defense counsel was ineffective for failing to file a notice of appeal,
16 despite being requested to do so. *Id.* at Rule 8(b).

18 **IT IS SO ORDERED.**

Dated: April 14, 2014

_____
SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE

2

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA et al, | Case Number: CR10-00385 SI |
| Plaintiff, | **CERTIFICATE OF SERVICE** |
| v. | |
| HUY TRINH et al, | |
| Defendant. | |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on April 15, 2014, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

**Huy Trinh**
14625-111
FCI Safford
P.O. 9000
Inmate Mail/Parcels
Safford, AZ

Dated: April 15, 2014

Richard W. Wieking, Clerk
By: Tracy Kasamoto, Deputy Clerk